# NO. 12-13-00271-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAIFFAEL DESHAUN JOHNSON,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury found Appellant, Raiffael Deshaun Johnson, guilty of possession of cocaine and assessed his punishment at eight years of imprisonment. Appellant, in his sole issue, contends that the evidence is insufficient to prove that he possessed the alleged contraband. We affirm.

## BACKGROUND

Tyler police officers Judson Moore, Donald Shafer, and Jefferson Roberts of the Tyler Police Bicycle Unit were on patrol at the corner of Claude and Confederate Streets on May 22, 2012. They observed a car without a front license plate approaching them. The vehicle slowed as it approached the stop sign at Claude and Confederate. The two passengers were not wearing seat belts. Officer Moore activated the flashing lights on his bicycle and hand signaled for the driver to stop. Instead of stopping, the driver rolled through the stop sign without stopping and turned right on Confederate. Despite multiple calls to stop, the car continued slowly rolling downhill on Confederate Street. The officers of the Bicycle Unit in close pursuit behind and alongside the Cadillac sedan noticed the driver and front seat passenger making rapid movements with their hands in the console area between the front seats. The driver stopped when he saw Officer Moore unholster his weapon. Appellant was the driver.

Officers Moore and Shafer noted a strong odor of marijuana emanating from the vehicle. The occupants explained they had smoked marijuana in the car earlier in the day. Officer Shafer discovered a baggie containing less than one gram of cocaine just to the right of the console. It was "almost in plain view" and within easy reach of anyone in the front seat.

The police found no other drugs in the car or on the occupants. The front seat passenger, Christopher Spurlock, appeared intoxicated. When questioned about the cocaine, Spurlock said it belonged to Appellant. Appellant said it belonged to Spurlock.

The officers testified that a driver who continues to drive slowly after being ordered to stop is typically trying to buy time to hide drugs. Here, Appellant's extended slow roll down Confederate Street and the rapid movements in the front seat led the officers to consider that the occupants were trying to hide drugs but also might be trying to retrieve a weapon.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant maintains the evidence is insufficient to support his conviction.

### Standard of Review

In reviewing the legal sufficiency of the evidence, all of the evidence should be viewed in the light most favorable to the judgment in order to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010).

In this case, the State was required to establish that Appellant (1) intentionally or knowingly (2) possessed (3) cocaine (4) in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115 (West 2010). Appellant challenges the legal sufficiency of the evidence to prove that he possessed the cocaine.

### Applicable Law

To prove unlawful possession of a controlled substance, the state must prove that (1) the defendant exercised control, management, or care over the substance; and (2) the defendant knew the matter possessed was contraband. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). When the defendant is not in exclusive possession or control of the place where the controlled substance is found, there must be additional independent facts and circumstances connecting the accused to the knowing possession of the contraband. *Blackman*

2

*v. State*, 350 S.W.3d 588, 594-95 (Tex. Crim. App. 2011). Many factors may circumstantially connect the accused to the contraband and serve to prove knowing possession. *See, e.g., Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006).

The state does not have to prove that the defendant had sole or exclusive possession of the drugs. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). A defendant's presence in the vicinity of the contraband or in the vicinity of others using or possessing it will not, in itself, support a finding that he is a joint possessor. *Harvey v. State*, 487 S.W.2d 75, 77 (Tex. Crim. App. 1972). The critical inquiry is "whether there was evidence of circumstances, in addition to mere presence, that would adequately justify the conclusion that the defendant knowingly possessed the substance." *Evans*, 202 S.W.3d at 162 n.9.

## Analysis

Appellant was the driver of the car where the police found the cocaine. Instead of stopping at the command of Officer Moore, Appellant rolled through a stop sign, turned right, and slowly rolled downhill on Confederate Street, a tactic frequently used to gain time to hide or dispose of contraband. The testimony showed that this behavior is "absolutely unusual" and not normally seen in traffic stops not involving illegal drugs or weapons. The officers observed Appellant driving with one hand while apparently trying to hide or locate something in the console area with his other hand. The police found the cocaine on the passenger side of the console "in almost plain view" but within easy reach of Appellant. The center console had been the focus of the not so furtive gestures the officers observed while trying to stop Appellant. Appellant and the front seat passenger admitted that they were together smoking marijuana earlier that day. The combined logical force of these circumstances is sufficient to show Appellant's knowing possession of the contraband. Appellant's sole issue is overruled.

### DISPOSITION

We *affirm* the trial court's judgment.

BILL BASS
Justice

Opinion delivered July 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., sitting by assignment, Twelfth Court of Appeals.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 31, 2014

### NO. 12-13-00271-CR

**RAIFFAEL DESHAUN JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1610-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., sitting by assignment, Twelfth Court of Appeals.*